### 13338.  DALTON *v.* THE STATE.

BROYLES, C. J. 1. The court did not err in overruling the demurrer to the indictment.

2. The first ground of the amendment to the motion for a new trial is expressly abandoned by counsel for the plaintiff in error.

3. The admission of testimony as complained of in the 2d and 3d grounds respectively of the amendment to the motion for a new trial was not error.

4. The several criticisms of the charge of the court, when considered in connection with the entire charge and the facts of the case, are without substantial merit.

5. The assignments of error upon the refusal of certain requests to charge cannot be considered, as it does not appear that the requests were in

writing or that they were given to the judge before the jury had retired to consider their verdict.

6. The verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 14, 1922.

Indictment for aiding escape; from Warren superior court — Judge Shurley. January 12, 1922.

Application for certiorari was denied by the Supreme Court.

The indictment charges Felix Dalton " with the offense of aiding escape, for that the said Felix Dalton, in the county and State aforesaid, on the 2d day of October, in the year " 1921,. " with force and arms, did unlawfully aid and assist one Will Broomfield, a prisoner, to escape from the custody of one George P. Hogan, sheriff of said county, and one Felix Dalton, a guard employed by said George Hogan, sheriff aforesaid, the said George P. Hogan, sheriff as aforesaid, and the said Felix Dalton, guard as aforesaid, being then and there in lawful charge of said Will Broomfield, on the charge of murder, under and by virtue of a warrant issued by Hon. F. L. Howell, N. P. & Ex. J. P. of 425th dist. G. M., and upon a commitment for the offense of murder, by said F. L. Howell, N. P. & Ex. J. P. of said county, after a hearing on a preliminary investigation of said charge of murder against said Will Broomfield, contrary to the laws of said State," etc.

The demurrer was on the following grounds: (1) Because the indictment " does not contain sufficient details of the charge therein alleged to enable this defendant to prepare his defense thereto, in that said indictment fails to allege how, in what manner, and by what means this defendant aided and assisted Will Broomfield to escape." (2) " Because the said . . sheriff . . did not have any legal authority to employ Felix Dalton as a guard as alleged said indictment could not have the ' lawful charge of Will Broomfield.' " (3) Because one can not be guilty of aiding and assisting one to escape from the lawful charge of himself, as alleged in the indictment; because in such a case he would be subject to the charge of violating section 322 of the Penal Code (1910), as to the crime of permitting an offender to escape.

G. P. Hogan, sheriff, was allowed to testify that he had Will Broomfield in his custody on or about October 2, 1921. This testimony was admitted over the objection that " it was a question

of fact, to be determined by the jury, as to whether or not G. P. Hogan had Will Broomfield in his legal custody" at the time stated. Hogan's testimony that there was "no way in the world for him to get loose without help" was admitted over the objection that this was a question of fact for the jury, about which the witness could not express an opinion. Grounds 2 and 3 of the amendment to the motion for a new trial relate to the admission of the foregoing testimony.

*L. D. McGregor,* for plaintiff in error.

*M. L. Felts, solicitor-general,* contra.